HOPEWELL *vs* PRICE.—June, 1828.

The act of 1794, *ch.* 46, was passed to remedy the inconvenience existing in the execution of writs of inquiry before the sheriff, and was never intended, nor can it be construed to give a right to an inquiry of damages, where none existed before.

The common law did not give damages in replevin to a defendant; but they were allowed to certain defendants in that action, viz. avowments, or other persons making connsance, or justifying as bailiffs, for rents or services, by the Statutes, 7 *Hen.* VIII, *ch.* 4, and 21 *Hen.* VIII, *ch.* 19, which have not been extended to defendants claiming property; their remedy, where any exists, is by a suit on the replevin bond.

In the cases falling within the statutes above referred to, the damages recovered, are such as are sustained before the institution of the suit.

APPEAL from *Saint-Mary's* County Court. This was an action of *replevin* for a negro slave. The defendant, (the now appellant,) pleaded, 1. *Non cepit;* and 2. Property in himself. Issue was joined to the *first* plea, and the general replication and issue joined, to the *second*. A jury was sworn at the trial,

and after having retired, returned to the bar to give their verdict, when the plaintiff, (the appellee,) being called, made default. The jury was discharged, and the plaintiff was *nonsuited;* and judgment, that the defendant have a return of the said negro slave, and costs.. The defendant then moved the court to award a writ of inquiry of damages, which the court refused. From which refusal of the court to grant his motion, the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, and DORSEY, J.

*Stonestreet,* for the Appellant, contended, that the court below erred in refusing a writ of inquiry to the defendant after a *nonsuit* by the plaintiff in replevin. He referred to the act of 1794, *ch.* 46, and insisted that in an action of replevin, as both parties are plaintiffs or actors, the plaintiff, by nonsuiting his case, thereby establishes the defendant's right.

*C. Dorsey,* for the Appellee. The act of 1794, *ch.* 46, is not applicable to this case, which was an action to try the right of property, and by a nonsuit, the right of the defendant is not established. The defendant's remedy was on the replevin bond. He referred to 3 *Selw. N. P.* 1043.

ARCHER, J. delivered the opinion of the court. The question presented for the consideration of the court in this case is, whether, upon a plea of property found for a defendant in replevin, he is entitled to an order in the nature of a writ of inquiry to assess the damages by him sustained in consequence of the loss of the possession by the execution of the writ of replevin?

The act of assembly of .1794, *ch.* 46, cited by the appellant, will be found to have no bearing favourable to the application. That statute was passed to remedy the inconveniencies existing in the execution of writs of inquiry before the sheriff, and was never intended, nor can it be construed, to give a right to have an inquiry of damages where none existed before.

The common law did not give damages in replevin to a defendant; but they were allowed to certain defendants in that action, by the statutes of 7 *Hen.* VIII, *ch.* 4, and 21 *Hen.* VIII, *ch.* 19. But these statutes only gave damages to avowants, or other persons making conusance, or justifying as bailiffs in replevin for

rents or services, and they have not been extended to defendants claiming property. 2 *Bac. Ab.* tit. *Costs,* (F.) 53. *Turner v Gallillee, Hard.* 153.

In the cases falling within the statutes above referred to, the damages recovered, are such as are sustained before the institution of the suit. But to allow damages in this case, would be to give them for the injury arising from the institution of the suit, and the detention of the property by the plaintiff from that time, which would be a novel proceeding, and justified by no analogy of law.

The remedy of the defendant will be found by a suit on the replevin bond executed by the plaintiff, the condition of which is sufficiently comprehensive to indemnify the defendant from any injury he may sustain by a *nonsuit.*

JUDGMENT AFFIRMED.